IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Alvin Mitchell Mason and Anne Mason, <br><br> Plaintiffs, <br><br> vs. <br><br> Zenith Specialties, Inc., and Brothers Pyrotechnic, <br><br> Defendants. | Civil Action No. 6:04-1376-RBH-WMC <br><br> **O R D E R** |

This matter is before the court on the motion of defendant Zenith Specialties, L.P. ("Zenith") for sanctions against the plaintiffs Alvin and Anne Mason. The motion was referred to this court for disposition by the Honorable R. Bryan Harwell, United States District Judge.

This lawsuit arises out of a fireworks accident involving a Zenith Grand Finale 500 gram firework ("Finale") that allegedly struck plaintiff Alvin Mason while it was discharging on July 3, 2002. Mr. Mason claims that he was hit twice in the groin area by projectiles from the Finale after he noticed that it began to recoil after discharging. There has been contradictory testimony in this case as to the location of the firework at the time of the accident and as to the individuals present on the night of the accident. Mr. Mason has testified that his children, Michael and Ashton Mason, were present, along with others, at the time of the accident.

Ashton, Mr. Mason's 13-year old daughter, testified in her first deposition on July 19, 2006, that she saw her father light the Finale firework, which was placed on a brick wall next to the driveway. She further testified that she went inside the house and was not

present when her father was hit by one of the shots (Ashton Mason dep. 7/19/06 at 24-26). Ashton also testified that she was told by her father to say the firework was in the driveway (*id.* at 41-44). Three months later, on October 20, 2006, the plaintiffs' counsel took Ashton's recorded statement. In that statement, Ashton stated that she did not see where the firework was set up on the night of the accident. She also stated that her father had never told her what to say about the accident (Ashton Mason interview 10/20/06 at 3-5, 18, 22). On December 11, 2006, Judge Harwell ordered that Ashton could be re-deposed and appointed Rob Hassold to serve as guardian ad litem for Ashton. Judge Harwell further ordered that Mr. Mason and Marilyn Humphries (Ashton's mother) and counsel for all parties were enjoined "from coercive behavior towards Ashton . . regarding her testimony." On December 11, 2006, Ashton was deposed a second time. She testified that in the recorded statement she stated that the firework was on the driveway rather than the brick wall because her father asked her to say that (Ashton Mason dep. 12/11/06 at 23-25, 32-33, 59). Mr. Mason has testified that at no time has he asked Ashton to lie about what she saw the night of the accident (Alvin Mason aff. ¶ 6).

       Zenith has moved for dismissal of the case as the ultimate sanction for Mr. Mason's alleged repeated attempts to influence the testimony of his daughter. The plaintiffs argue that there is no clear and convincing evidence that fraudulent or bad faith misconduct occurred as required for dismissal, and the court must consider whether lesser sanctions are sufficient. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) ("inherent powers must be exercised with restraint and discretion"); *Shepherd v. American Broadcasting Cos., Inc.,* 62 F.3d 1469, 1472-73 (C.A. D.C. 1995) (default judgment reversed because district court had made neither of these findings).

       As a second deposition of Ashton has already been taken by order of the district court, a hearing for taking of more testimony on this matter is unnecessary. This court has reviewed the arguments and evidence of the parties and finds that while

2

sanctions are appropriate, lesser sanctions than dismissal will "sufficiently punish and deter the abusive conduct while allowing a full and fair trial on the merits." *See Shepherd*, 62 F.3d at 1472. Accordingly, Zenith's alternative request for sanctions is granted. By order of this court, the plaintiffs may not attempt to influence, either directly or indirectly, the testimony of any witness in this case, and especially Ashton and Michael Mason. Furthermore, the plaintiffs may have no discussions whatsoever with Ashton and Michael Mason regarding the accident, this case, their testimony, or the trial. Rob Hassold is continued as guardian ad litem for Ashton Mason through trial. Further, Margaret Chamberlain is appointed as guardian ad litem to protect the interests of Michael Mason. The plaintiffs shall bear all future expenses of both guardians. Lastly, Zenith is awarded attorney fees and costs incurred in connection with Ashton's recorded statement and second deposition and as to Ashton's guardian ad litem.

       IT IS SO ORDERED.

                                                      s/William M. Catoe
                                                    United States Magistrate Judge

May 18, 2007

Greenville, South Carolina