IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Alvin Mitchell Mason and Anne Mason, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>Zenith Specialties, Inc. and Brothers )<br>Pyrotechnic, )<br>Defendants. )<br>_____ ) | C/A No.: 6:04-1376-RBH<br><br><br><br>**O R D E R** |

This matter is before the Court on defendant Zenith's [104] motion for summary judgment and Defendant's [106] and [108] motions to exclude the testimony of the plaintiff's two pyrotechnics experts, Weinman and Kosanke. Each of the motions has been exhaustively briefed by the parties, and therefore the Court does not need to hold a hearing on the matter.[1]

Defendant's motion for summary judgment is based on two grounds. **First**, Zenith argues with regard to the negligence cause of action that there is no evidence that Zenith owed any legal duty, much less breached such a duty. **Secondly**, with regard to all causes of action, there is no admissible evidence that the "Finale" was either defective or that the alleged defect was causally related to plaintiff's alleged injuries. The second basis for summary judgment hinges on the Court's ruling on the defendant's motion to exclude the testimony of plaintiff's experts.

With regard to the **first** basis for summary judgment, it appears that it is untimely according to the consent order issued on December 11, 2006, which only extended the deadline for Daubert motions

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

1

or dispositive motions based on expert testimony until January 12, 2007. The Court's prior scheduling order set November 10, 2006 as the deadline for dispositive motions. On that basis, the motion is denied on its first ground.

Additionally, even if the motion is not late, it must be denied on its merits. Although the plaintiff's brief in opposition addresses all causes of action, defendant's motion for summary judgment on its **first** ground is limited to the negligence cause of action. Defendant Zenith's basis for the motion is that Zenith is merely a "distributor" and was not involved in the design or manufacture of the firework device. It argues that the firework was designed, manufactured, and assembled by co-defendant, Brothers Pyrotechnic. Plaintiff argues that the name "Zenith Specialties Finale 500" was prominently displayed on the firework and that Zenith created the packaging and marketing of the product and should not be able to avoid responsibility. Defendant does not dispute that its name was displayed on the firework and that it created its packaging. Regardless of defendant's arguments, Zenith assumed the duties of a manufacturer when it labeled and sold the product as its own. *See Benneford v. Berkley Heating Co.*, 258 S.C. 357, 188 S.E.2d 841 (1972).

With regard to the defendant's motion for summary judgment based on the defendant's request for exclusion of plaintiff's experts, that motion fails as well. The Court has reviewed the thorough briefs and submissions regarding the plaintiff's proposed experts. The Court is satisfied that the proposed experts are qualified to testify in their proffered areas; that their testimony is sufficiently relevant and reliable; and that the Rule 702 and Daubert standards are sufficiently met.

The Court having further concluded there are genuine issues of material fact which preclude summary judgment, the defendant Zenith's motion for summary judgment is **DENIED**.

Further, Defendant's motions to exclude Plaintiff's experts Weinman and Kosanke are **DENIED**.

**AND IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

Florence, South Carolina
May 18, 2007